IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID THOMAS,

                         OPINION AND ORDER

      Plaintiff,

                         16-cv-166-bbc

  v.

EDWARD WALL, MICHAEL DITTMANN
and SGT. FOSTER,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner David Thomas has filed a complaint in which he alleges that defendant Sgt. Foster (a correctional officer) dispensed the wrong medication to him on one occasion. As a result, plaintiff says that he "black[ed] out" and hit his head when he fell. Plaintiff says that defendant Edward Wall (the former Secretary of the Wisconsin Department of Corrections) and defendant Michael Dittman (the warden of the Columbia Correctional Institution, where plaintiff is incarcerated) may be held liable because they allow correctional officers without any medical training to dispense medication to prisoners. Plaintiff raises three state law claims in his complaint, along with one federal claim under the Eighth Amendment.

      Plaintiff filed his complaint in state court, but defendants removed the case to this court under 28 U.S.C. §§ 1441 and 1446. Because plaintiff is a prisoner, I am required to screen the complaint under 28 U.S.C. § 1915A to determine whether it states a claim upon

1

which relief may be granted.

To prevail on a claim under the Eighth Amendment, a prisoner must show that an official was aware of a substantial risk that the prisoner would be seriously harmed, but the official consciously failed to take reasonable measures to prevent the harm. Farmer v. Brennan, 511 U.S. 825 (1994). Plaintiff's allegations do not state a claim under that standard.

Plaintiff does not allege that defendant Foster knowingly gave him the wrong medication. Rather, plaintiff says that Foster made a mistake. That may be negligence, but it is not a violation of the Eighth Amendment. Zentmyer v. Kendall County, Illinois, 220 F.3d 805, 812 (7th Cir. 2000) ("Failing to dispense medication exactly as prescribed may constitute negligence."); Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006) ("Negligence does not meet this [Eighth Amendment] standard; therefore, even admitted medical malpractice does not give rise to a constitutional violation.").

Plaintiff says that defendants Wall and Dittmann may be held liable for failing to give medical training to nonmedical staff such as Foster who dispense medications. However, plaintiff does not allege that Foster gave him the wrong medication as a result of a lack of medical training. In fact, plaintiff does not allege that Foster needs any medical training to do her job. Rather, plaintiff alleges that Foster realized she gave plaintiff the wrong medication after looking at his name tag more closely. That is not a problem that could be solved with more medical training. Further, plaintiff identifies no reason why Wall and Dittmann should have been aware of a substantial risk that Foster or any officer dispensing

medications would give a prisoner the wrong medication as a result of failing to read the prisoner's name tag closely. Accordingly, Wall and Dittmann cannot be held liable for Foster's mistake, at least not under the Eighth Amendment.

When a federal court dismisses all of the federal claims in a removed case, the general rule is to remand the case to state court to resolve the remaining state law claims. Cadleway Properties, Inc. v. Ossian State Bank, 478 F.3d 767, 769-70 (7th Cir. 2007); 28 U.S.C. § 1367(c)(3). Particularly because I am dismissing the federal claims at such an early stage of the case, I see no reason to retain jurisdiction over the state law claims.

ORDER

IT IS ORDERED that

1. Plaintiff David Thomas's complaint is DISMISSED as to his claims under the Eighth Amendment.

2. Plaintiff's state law claims are REMANDED to the Circuit Court for Dane County, Wisconsin under 28 U.S.C. § 1367(c)(3).

3. The motion filed by defendants Sgt. Foster, Edward Wall and Michael Dittmann

for leave to file an amended answer, dkt. #5, is DENIED as moot.  Defendants are free to renew their motion in state court.

Entered this 6th day of April, 2016.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge