AIN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID THOMAS,

                         Plaintiff,

     v.

EDWARD WALL, MICHAEL DITTMANN
and SGT. FOSTER,

                         Defendants.

ORDER

16-cv-166-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner David Thomas seeks reconsideration of this court's order dated April 7, 2016, dkt. #7, in which I dismissed his federal claims for his failure to state a claim upon which relief may be granted and remanded his state law claims to state court, in accordance with 28 U.S.C. § 1367(c)(3). Plaintiff alleged that defendant Sgt. Foster, a correctional officer, had given him the wrong medication on one occasion, causing him to "black out," and that defendants Edward Wall (Secretary for the Department of Corrections) and Michael Dittman (the warden) had failed to provide appropriate medical training to Foster. I concluded that plaintiff's allegations were sufficient to state a claim for negligence, but not for an Eighth Amendment violation.

      Although plaintiff calls his new filing a motion for reconsideration, it is more accurately described as a proposed supplement to his complaint because he includes a number of new allegations not included in his original complaint. Because a party is

1

permitted to seek leave to amend his complaint after judgment is entered, Gonzalez-Koeneke v. West, 791 F.3d 801, 807-08 (7th Cir. 2015), and plaintiff filed his proposed supplement well within the 28-day deadline for seeking reconsideration under Fed. R. Civ. P. 59, I will screen the supplement to determine whether it states a claim under federal law against any of the defendants.

With respect to defendant Foster, plaintiff alleges now that Foster made no attempt to verify that he was giving plaintiff the correct medication, in violation of prison policy. In particular, according to plaintiff, Foster neither reviewed plaintiff's medication card nor asked plaintiff to confirm that the medication was his before dispensing it to him and instructing him to swallow it. In addition, plaintiff alleges that Foster has done the same thing on other occasions. With respect to defendants Wall and Dittman, plaintiff alleges that both of them have received reports of many instances in which prisoners have been harmed after receiving the wrong medication, but neither of them has done anything to correct the problem.

To prevail on a claim under the Eighth Amendment, a prisoner must show that the defendant was aware that the plaintiff was being subjected to a substantial risk of serious harm, but the defendant consciously refused to take reasonable measures to prevent the harm. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Although the question is a close one, I conclude that plaintiff's new allegations are sufficient to state a claim under that standard. Any time a prisoner receives the wrong medication, there is a risk of harm. It may be impossible to eliminate all mistakes, but if defendant Foster was intentionally failing to

take basic steps to prevent a mistake, this could qualify as a conscious refusal to act reasonably. Similarly, if higher ranking officials knew there was a problem and they refused to do anything about it, that could violate the Eighth Amendment as well. Accordingly, I am allowing plaintiff to proceed against all three defendants under the Eighth Amendment, as well as state law negligence claims, which impose a more lenient standard. Paul v. Skemp, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865 (to prevail ultimately on a claim for negligence in Wisconsin, plaintiff must prove that these defendants breached their duty of care and plaintiff suffered injury as a result). Plaintiff alleges in his complaint that he satisfied the requirements of Wisconsin's notice of claim statute.

Although plaintiff's allegations are sufficient to satisfy liberal federal pleading standards, plaintiff will have to do more at summary judgment or trial. With respect to his Eighth Amendment claim against defendant Foster, plaintiff will have to show with admissible evidence not just that Foster made a mistake but that Foster *knew* that plaintiff faced a substantial risk of harm. With respect to Wall and Dittman, plaintiff will have to show that they knew about a *specific* risk of harm of the same type to which plaintiff was allegedly subjected. Brown v. Budz, 398 F.3d 904, 909-10 (7th Cir. 2005). It will not be enough for plaintiff to show generally that Wall and Dittman knew that there were problems with distributing medication.

ORDER

IT IS ORDERED that

1. Plaintiff David Thomas's motion for reconsideration, which I am construing as a motion for leave to supplement his complaint, dkt. #13, is GRANTED, and the April 7, 2016 judgment, dkt. #10, is VACATED. The clerk of court is directed to retrieve the record from the Circuit Court for Dane County, Wisconsin.

2. Plaintiff is GRANTED leave to proceed on claims that (1) defendant Sgt. Foster, Edward Wall and Michael Dittman knew of a substantial risk that plaintiff would be seriously harmed by receiving the wrong medication, but they consciously failed to take reasonable measures to prevent the harm, in violation of the Eighth Amendment; (2) defendants breached their duty to exercise ordinary care in preventing plaintiff from being harmed, in violation of state negligence law.

3. For the time being, plaintiff must send defendants a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendants or their attorney.

4. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

5. If plaintiff is transferred or released while this case is pending, it is his obligation

to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for failure to prosecute.

Entered this 23d day of May, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge